

*09*

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ralph Logan
County Attorney
Tom Green County
San Angelo, Texas

Dear Sir:

Opinion No. 0-1580
Re: Authority of Commissioners'
Court to issue interest bear-
ing warrants on future
revenues of Road and Bridge
Special Fund for current
operating expenses.

We are in receipt of your letter of October 13, 1939,
which reads in part as follows:

"The Road & Bridge Special Fund -- a fund which de-
pends entirely upon fees obtained from automobile regis-
trations for its revenue, and against which warrants for
current expenses for maintenance of roads and bridges
are issued, is at present or will be in the immediate
future depleted of funds. There will be comparatively
no revenue to replenish this fund before April of 1940.
In order to meet the current expenses which are proper
charges against this fund during the remaining three
months of 1939, the Commissioners' Court have proposed
to issue time warrants, payable, say on April 15, 1940;
and at the same time propose to enter an order on the
minutes of the Court setting aside a definite amount to
care for such warrants out of the revenues due the Road
& Bridge Special Fund in 1940. A local bank is willing
to accept these warrants and loan the County money for
current expenses against this Road & Bridge Special Fund,
providing the above proposed order makes sufficient pro-
vision to validate these warrants under Article 11, Sec-
tion 7 of the Constitution of the State of Texas.

"Your opinion 0-873 discusses a similar situation,
but does not fully consider the provision required to
validate debts as covered by Article 11, Section 7 of
the Constitution. The question here is: Does this
Constitutional provision require the levy of a tax
where the fund against which the debt is to be charged

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Ralph Logan, Page 2

is not a tax fund but is supplied from fees established by the Legislature; or is simply appropriating and setting aside in a separate fund certain revenues to be derived in future years for the purpose of taking care of these obligations sufficient?"

Article 11, Section 7, of the Texas Constitution provides in part:

". . . But no debt for any purpose shall ever be incurred in any manner by any city or county unless provision is made, at the time of creating the same, for levying and collecting a sufficient tax to pay the interest thereon and provided at least two per cent (2%) as a sinking fund; . . ."

In our Opinion No. 0-873 to which you refer, we ruled as follows:

"It is our opinion that warrants issued by a county for current expenses are void, where no provision is made as provided in Constitution, Article 11, Section 7, at the time the obligation is incurred and it is intended that they shall be paid out of revenues of future years, or where such warrants when added to valid outstanding warrants against the fund exceed the available balance and the reasonable and lawfully contemplated or expected revenues for that year. What may be reasonably and lawfully contemplated or expected revenues for the year does not necessarily depend upon actual collections."

Acts 1929, 41st Legislature, 2nd Called Session, page 172, Chapter 88, § 10, appearing as Article 6675a-10, Vernon's Texas Civil Statutes, 1925, providing for motor vehicle registration fees, contains the following provision:

"On Monday of each week each County Tax Collector shall deposit in the County Depository of his county to the credit of the County Road and Bridge Fund an amount equal to one hundred (100%) per cent of net collections made hereunder during the preceding week . . .

". . . None of the moneys so placed to the credit of the Road and Bridge Fund of a county shall be used to pay the salary or compensation of any County Judge or County Commissioner, but all said monies shall be used for the construction and maintenance of lateral roads in such county under the supervision of the County

Hon. Ralph Logan, Page 3

Engineer, if there be one, and if there is no such engineer, then the County Commissioners' Court shall have authority to command the services of the Division Engineer of the State Highway Department for the purpose of supervising the construction and surveying of lateral roads in their respective counties. All funds allocated to the counties by the provisions of this Act (Arts. 6675a-1 to 6675a-14; P. C. Art. 807a) may be used by the counties in the payment of obligations, if any, issued and incurred in the construction or the improvement of all roads, including State Highways of such counties and districts therein; or the improvement of the roads comprising the County Road System."

By virtue of the foregoing statute the automobile registration fees are a part of the Road and Bridge Fund but since their use is limited as to purpose they are separately accounted for in the Road and Bridge Fund.

However viewed, the purpose and effect of the transaction described in your letter must necessarily be to pledge revenues of future years coming into the Road and Bridge Fund for the purpose of paying current expenses of the county. A debt has been defined as an obligation which becomes a burden on future revenues of the county, one which is not to be paid during the current year and out of the current revenues. See J. I. Case Threshing Mach. Co. v. Camp County, (T.C.A. 1920) 218 S. W. 1.

It is our opinion our ruling in Opinion No. 0-873 is applicable to the facts presented in your letter of request and that a Commissioners' Court may not legally create an obligation against the revenue of future years coming into the Road and Bridge Special Fund, to pay current expenses, by merely providing that a certain portion of such future revenues shall be used to pay such obligation. We enclose a copy of Opinion No. 0-873 herewith.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By        Cecil C. Cammack
                              Assistant

CCC:N

APPROVED NOV 8, 1939

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN

